# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>           Plaintiff,<br><br>    v.<br><br>C/O ROBLES,<br><br>           Defendant.<br>_____/ | 1:10-cv-00565-OWW-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT ROBLES<br>(Doc. 19.) |

**I.   BACKGROUND**

Ess'nn A. Aubert ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action now proceeds with the Complaint filed on April 1, 2010, against defendant Correctional Officer Hector Robles, for excessive force in violation of the Eighth Amendment.  (Doc. 1.) On April 5, 2011, Plaintiff filed a request for entry of default against defendant Robles. ("Defendant").  (Doc. 19.)

**II.   REQUEST FOR ENTRY OF DEFAULT**

Plaintiff argues that default should be entered against Defendant because Defendant was served either on February 4, 2011 or March 10, 2011;[1] Defendant's response to the Complaint was due 20 days after the date of service; and Defendant has not responded to the Complaint or served an answer or other response upon Plaintiff.

---

[1] Plaintiff states that "The Court files and record herein show that the Defendants (*sic*) were served by the United States Marshal by mail with a copy of summons, and a copy of Plaintiff's complaint on the Fourth of February, 2011[,] [b]ut the date of service states 3-10-11."  P's Request, Doc. 19 at 1.

1

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed R. Civ. P. 4(d).

### III. DISCUSSION

In this action, the United States Marshal sent a Waiver of Service form on behalf of Plaintiff to Defendant on February 4, 2011. (See Doc. 14.) Counsel for Defendant signed the form on March 10, 2011, and returned it to the Marshal. Id. The Marshal received the completed form on March 17, 2011 and filed it at the Court on March 25, 2011. Id. The Waiver of Service form states that judgment may be entered against Defendant "if an answer or motion under Rule 12 is not filed within the U.S. District Court and served upon plaintiff within 60 days after 2/4/11." Id. Based on this evidence, the Court concludes that Defendant timely waived service under Rule 4(d), causing the answer or motion under Rule 12 to be due on April 5, 2011. On March 29, 2011, Defendant filed an answer to the Complaint. (Doc. 15.) Because Defendant made a timely appearance in this action on March 29, 2011, the Court cannot find that Defendant failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default against Defendant Robles.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against Defendant Hector Robles, filed on April 5, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **April 6, 2011**            **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE