UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESS'NN A. AUBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>HECTOR ROBLES,<br><br>    Defendant. | CASE NO. 1:10-cv-00565-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**<br><br>**(ECF NO. 75)** |

**I.     PROCEDURAL HISTORY**

On April 1, 2010, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 claiming Defendant violated his Eighth Amendment rights by using excessive force against him while he was in custody at Kern Valley State Prison. (ECF No. 1.)

The matter came before the Court for trial by jury. On May 30, 2014, the jury rendered a verdict for the Defendant (ECF No. 71), and the Court entered judgment thereon on June 3, 2014. (ECF No. 74.)

Before this court is Plaintiff's motion for new trial brought pursuant to Federal Rules of Civil Procedure 59 and 60(b). (ECF No. 75.) Defendant filed an opposition to

the motion on June 18, 2014. (ECF No. 76.) The time to file reply documents has passed and none were filed. This matter is deemed submitted.

## II.     LEGAL STANDARDS

### A.     Motion for New Trial

Federal Rule of Civil Procedure 59(a)(1) provides that: "The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ."

Rule 59 does not specify the grounds on which a motion for a new trial may be granted. Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the court is "bound by those grounds that have been historically recognized." Id. "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). A new trial may be granted only if the verdict is 'contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice. Id. (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000)). "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990) (quoting Allied Chem Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980)).

Where a party seeks a new trial based on arguments by opposing counsel that were not objected to at trial, a new trial is available only in "extraordinary cases."

2

Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1193 (9th Cir. 2002); see also Bird v. Glacier Elec. Coop., Inc., 255 F.3d 1136 (9th Cir. 2001) (granting new trial where, in closing argument, "counsel used incendiary racial and nationalistic terms"). There is a "'high threshold' to claims of improper closing arguments in civil cases raised for the first time after trial," and a new trial generally will be granted only if the "flavor of misconduct [by trial counsel] sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." Hemmings, 285 F.3d at 1192-93 (9th Cir. 2002) (quoting Kaiser Steel Corp. v. Frank Coluccio Constr. Co., 785 F.2d 656, 658 (9th Cir. 1986) and Kehr v. Smith Barney, 736 F.2d 1283, 1286 (9th Cir. 1994)). "The rationale for this high threshold is two-fold. First, raising an objection after the closing argument and before the jury begins deliberations 'permit[s] the judge to examine the alleged prejudice and to admonish . . . counsel or issue a curative instruction, if warranted.'" Id. (quoting Kaiser Steel, 785 F.2d at 658). "The second rationale stems from courts' concern that allowing a party to wait to raise the error until after the negative verdict encourages that party to sit silent in the face of claimed error." Id.

In applying this "high threshold," the Court will consider whether the alleged error was "prejudicial and fundamentally unfair." Hemmings, 285 F.3d at 1193. In evaluating the likelihood of prejudice, the Court should consider "the totality of circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." Id.

### B. Motion for Relief from Judgment

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions brought for reasons (1), (2) and (3) must be brought "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

To prevail on a Rule 60(b)(3) motion, "the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 2006).

## III. ANALYSIS

### A. Rule 59(a)

Plaintiff requests a new trial based on defense counsel's argument during closing that Plaintiff had nothing to lose by perjuring himself because he was already in prison, but that Defendant could suffer civil and criminal penalties if he perjured himself. (Mot. at 1-2.) Plaintiff asserts that this line of argument was improper because no evidence was presented that either party could be subjected to perjury charges or other penalties. Plaintiff, in referring to pretrial discussions about voir dire, also may question, as the

4

Court initially did itself, whether the said argument ran afoul of a ruling by the Court on a motion in limine. Plaintiff maintains that the argument prejudiced the jury. (Mot. at 2.)

Defendant counters that the argument was proper and, in any event, Plaintiff did not object to the comments at trial and has failed to meet the "high threshold" applicable to challenges to improper closing argument in civil cases raised for the first time after trial. (Opp'n at 2-3.)

It cannot be said that Defendant's comments violated any ruling on a motion in limine. During the pretrial conference, defense counsel alluded to an intent to introduce evidence of Plaintiff's conviction and the length of his sentence. In doing so, she suggested her belief that not only was Plaintiff's felony conviction relevant to evaluation of his credibility under Federal Rule of Evidence 609, but that the length of his sentence was such as to leave him unconcerned about a perjury conviction. The Court there, and then in discussing the motions in limine, expressed skepticism as to any link between length of sentence and willingness to commit perjury. However, the ruling on the related motion in limine was limited to prohibiting specific reference to the nature of the crime for which the Plaintiff was convicted and the length of his sentence. Thus, while the Court may disagree with the suggestion that a prisoner has a greater propensity to perjure himself, the suggestion was made only in argument and not specifically precluded.

Moreover, even if defense counsel's comments were found to have been improper, they cannot be said to have permeated the proceeding so as to influence the jury by passion and prejudice in reaching its verdict. The nature of the comments, their brevity, and the strength of Defendant's case weigh against a finding of fundamental unfairness. Looking at counsel's comments under the totality of the circumstances, including the speed with which the jury reached its unanimous verdict (less than 30

5

minutes), the Court cannot say that a different verdict was likely absent this argument; indeed, considering all relevant factors, it seems highly unlikely that a different result reasonably would even have been considered. Accordingly, the Court does not find the comments to have been prejudicial.

The Court does not find that a new trial is necessary to prevent a miscarriage of justice or that the verdict is contrary to the clear weight of the evidence or based upon false or perjurious evidence. Accordingly, Plaintiff is not entitled to a new trial under Rule 59(a).

### B.     Rule 60(b)

Plaintiff argues he is entitled to relief under Federal Rule of Civil Procedure 60(b)(1) because defense counsel's argument was a surprise. He also argues that he is entitled to relief under Rule 60(b)(3) because the argument constituted a "misrepresentation of Federal Civil Procedure." (Mot. at 3.)

Defendant counters that credibility was a central issue at trial and therefore Plaintiff was not surprised by arguments concerning his veracity. Defendant also argues that Plaintiff has not met his burden under Rule 60(b)(3) and shown that misconduct of defense counsel prevented him from fairly presenting his case. (Opp'n at 8.)

Plaintiff was not surprised by defense counsel's argument within the meaning of Rule 60(b)(1). Although Plaintiff may not have anticipated this specific argument regarding his credibility, he was well aware that his credibility would be at issue during trial and that his criminal conviction was a factor in evaluating his credibility. Therefore, Plaintiff is not entitled to relief under Rule 60(b)(1).

Plaintiff also fails to establish a misrepresentation within the meaning of Rule 60(b)(3). Plaintiff does not explain how defense counsel misrepresented "Federal Civil

6

Procedure" and, in any event, does not assert that the alleged misrepresentation prevented him from fairly presenting his case. Additionally, Plaintiff was free to present arguments regarding credibility in rebuttal. Therefore, Plaintiff is not entitled to relief under Rule 60(b)(3).

**IV.    ORDER**

For the reasons stated herein, Plaintiff's motion for a new trial is hereby DENIED.

IT IS SO ORDERED.

Dated:    June 30, 2014           /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE